The Honorable Roger L. Rorie State Representative P.O. Box 136 Fox, AR 72051-0136
Dear Representative Rorie:
This is in response to your request for an opinion regarding the payment of property owners' dues on property located in the City of Fairfield Bay. The following questions are set forth in correspondence attached to your request:
 I am in belief that when the developer ceased to exist and a city takes over, the dues on property cease also. Another subject would be if a piece of property were turned over to the State for lack of real estate taxes. What then happens when someone else takes over the land? Does the State pay the back dues or does the new owner?
 It must be noted in responding to these questions that because payment of the property dues at issue is, according to my understanding, a contractual matter, I cannot issue an opinion regarding the extent of any existing obligations in this regard. This is not a matter that is governed by state statute. Rather, because the property was developed as a private property owners' association, questions concerning the payment of dues will require reference to the particular bill of assurances or other document(s) evidencing the contractual obligations which a purchaser of property may acquire. I cannot, in my capacity as Attorney General, undertake the review of documents that is necessary in order to delineate those obligations. The Attorney General is prohibited from engaging in the private practice of law. A.C.A. § 25-16-701 (Repl. 1992).
With regard, generally, to the incorporation of the privately developed area, my research has yielded no authority for the proposition that property dues cease upon incorporation. The dues obligation will, I believe, continue to be a matter of contract.
Regarding the certification of tax-delinquent land to the State, I can perceive of no theory or basis upon which the State would be obligated to pay the back dues. It may be that the back dues remain the obligation of the prior owner. See Op. Att'y Gen.87-460, copy enclosed (regarding effect of tax title on existing liens, generally). This question will again, however, require consideration of any documents evidencing the contractual obligations which a purchaser of the property may acquire.
While the foregoing will hopefully offer general guidance in addressing these matters, it is apparent that your questions ultimately require the services of private legal counsel. In order to conclusively resolve the issues, therefore, I suggest that you seek the advice of a private attorney.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh